UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>EONDRA</small> M<small>ARKEITH</small>
K<small>EEL</small>-H<small>AYWOOD</small> #958405,

   Plaintiff,         Hon. Phillip J. Green

v.                Case No. 1:24-cv-303

U<small>NKNOWN</small> T<small>OOGOOD</small>, et al.,

   Defendants.
_____/

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 19). Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). For the reasons discussed herein, the Court will grant the motion and dismiss Plaintiff's remaining claim against Defendant Toogood without prejudice.

## BACKGROUND

Plaintiff filed this action under 42 U.S.C. § 1983 against Correctional Officer Unknown Toogood, Inspector Unknown Salinas, and Inspector Unknown Cassel. (ECF No. 1). The Court issued a screening opinion, pursuant 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c), and dismissed all the claims against Defendants Salinas and Cassel, as well as numerous claims against Defendant Toogood. (ECF No. 4, 5). The only remaining claim is that Defendant Toogood facilitated the loss of

Plaintiff's legal paperwork in retaliation for Plaintiff threatening to file a grievance about an earlier seizure of that paperwork.

Defendant Toogood now moves for summary judgment on the ground Plaintiff has failed to properly exhaust his administrative remedies. (ECF No. 19, 20). Plaintiff has failed to respond to Defendant's motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to such administrative remedies as are available. *Ross v. Blake*,

578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of his motion, Defendant Toogood has presented evidence that Plaintiff grieved the confiscation and loss of his paperwork. (ECF No. 20-3 at PageID.127-132). However, Plaintiff did not mention anything remotely suggesting that his paperwork was taken with retaliatory animus. A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal

-5-

quotation marks omitted). By failing to disclose any indication of retaliatory animus, Plaintiff did not provide fair notice of his constitutional claim. *See Dykes v. Fuller*, No. 18-CV-11528, 2019 WL 4744433 at *5 (E.D. Mich. Sept. 30, 2019), aff'd, No. 19-2243, 2020 WL 6257023 (6th Cir. July 10, 2020).

Plaintiff has failed to respond to Defendant's motion and, therefore, has failed to present any evidence indicating a genuine factual dispute on the question whether he properly exhausted his administrative remedies. Because Defendant's unrefuted evidence satisfies his burden on the exhaustion question, Defendant's motion will be granted and Plaintiff's remaining claim will be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 19) is **GRANTED** and Plaintiff's remaining claim against Defendant Toogood is **DISMISSED WITHOUT PREJUDICE**. A judgment consistent with this Opinion will enter.

Date: June 23, 2025   /s/ Phillip J. Green
                      PHILLIP J. GREEN
                      United States Magistrate